UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA GORSKI,

    Plaintiff,

v.                                                               Case No. 06-11631
                                                               Hon. Sean F. Cox

MYRIAD GENETICS,

    Defendant.

_____

## **ORDER**

This matter is before the Court on Plaintiff's Motion in limine to exclude Malcolm Cohen's testimony on damages. Both parties have fully briefed the issues. For the following reasons, the Court **DENIES** Plaintiff's Motion in limine to exclude Malcolm Cohen's testimony on damages.

### I. BACKGROUND

This action arises from alleged employment discrimination based on Plaintiff's gender and age. The underlying facts are sufficiently set forth in the Court's Order denying Defendant's motion for summary judgment. [Doc. 39].

On June 26, 2007, Plaintiff filed a Motion in limine to exclude Malcolm Cohen's testimony on damages.

### II. ANALYSIS

Plaintiff seeks to preclude Defendant's expert, Malcolm Cohen, from testifying as to

1

damages because he relies on the calculations and assumptions made by Plaintiff's expert Michael Grant; and because Cohen's front pay argument is based on Plaintiff's expert's Grant and Edward Rothman's reports, not on his own analysis.

Plaintiff does not allege any sufficient basis for excluding the testimony of Cohen. Plaintiff argues that Cohen's testimony that relies on calculations and assumptions made by Plaintiff's experts is cumulative testimony under FRE 403. To the extent that Cohen reiterates the findings of Plaintiff's experts for the purpose of identifying errors, based on his own expert opinion, the testimony is not cumulative and is helpful for the trier of fact.

Additionally, Plaintiff argues that Cohen's testimony about front pay is unreliable because it is not based on his own independent analysis, but on Plaintiff's statistical evidence prepared by Rothman. Plaintiff argues that the statistics were prepared for another purpose. Unless Plaintiff is arguing that her expert's statistics are flawed, her argument is without merit. To the extent Plaintiff challenges Cohen's use of the statistics in determining how much front pay Plaintiff is entitled to, that goes to credibility not admissibility.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion in limine to exclude Malcolm Cohen's testimony on damages.

**IT IS SO ORDERED.**

                                                **S/Sean F. Cox**
                                                **Sean F. Cox**
                                                **United States District Judge**

**Dated: July 3, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record**

**on July 3, 2007, by electronic and/or ordinary mail.**

                                                **S/Jennifer Hernandez**
                                                **Case Manager**