UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA GORSKI,

    Plaintiff,

v.                                                     Case No. 06-11631
                                                      Hon. Sean F. Cox

MYRIAD GENETICS,

    Defendant.

_____

**ORDER**

This matter is before the Court on Defendant's Motion in limine to exclude Plaintiff's expert opinion regarding combined sex plus age discrimination. Both parties have fully briefed the issues. For the following reasons, the Court **DENIES** Defendant's Motion in limine to exclude Plaintiff's expert opinion regarding sex plus age discrimination.

## I. BACKGROUND

This action arises from alleged employment discrimination based on Plaintiff's gender and age. The underlying facts are sufficiently set forth in the Court's Order denying Defendant's motion for summary judgment. [Doc. 39].

On June 26, 2007, Defendant filed a Motion in limine to exclude Plaintiff's expert opinion regarding sex plus age discrimination.

## II. ANALYSIS

Defendant seeks to exclude testimony from Plaintiff's expert, Edward Rothman,

1

regarding the presence of combined sex plus age discrimination in regards to older women. The claim arises from Plaintiff's expert's statistics that showed no pattern of discrimination against older workers in general, or against women in general. Rothman only found a statistical significance when looking at older women. He found they were terminated at a faster rate. Defendant argues that neither Michigan nor the Sixth Circuit recognizes a cause of action based on "sex plus age" discrimination. Defendant does concede that Plaintiff's Complaint alleges two separate causes of action, one for age discrimination and one for sex discrimination.

It is not necessary for the court to decide whether a "sex plus age" hybrid cause of action exists. Plaintiff pled two separate claims, one based on age and one based on sex. The only issue is whether Plaintiff can introduce into evidence Rothman's findings. Defendant does not offer any authority to support excluding Rothman's findings because he found a correlation between sex and age in the treatment of older women. Moreover, Plaintiff is allowed to use the same evidence to support different claims.

Additionally, Defendant's argument that "sex plus" discrimination has specifically been rejected is without merit. In *Phillips v. Martin Marietta Corporation*, 400 U.S. 542 (1971), the Court found there was a genuine issue of fact in a sex discrimination case where the plaintiff, a woman, did not allege the defendant discriminated against women in general, but rather, discriminated against women with preschool aged children. See *Fisher v. Vassar College*, 70 F.3d 1420, 1433 (2nd 1995)("The Supreme Court has adopted the proposition that sex considered in conjunction with a second characteristic - 'sex plus' - can delineate a 'protected group' and can therefore serve as the basis for a Title VII suit.")(citing *Phillips, supra*).

Some of the authority cited by Defendant actually supports Plaintiff. In *Philipsen v.*

*University of Michigan Board of Regents*, 2007 WL 907822, *4 (E.D.Mich. 2007), the court stated that Plaintiff alleged a "sex plus" claim and cited to *Phillips, supra*. The court did not find that such a claim was incognizable, quite the contrary, the court analyzed the plaintiff's claim. The plaintiff's claim was found lacking because she was unable to establish a prima facie case on other grounds. The other two cases cited by Defendant are unpublished, and only address the issue in dicta.

Accordingly, Plaintiff is not precluded from presenting Rothman's findings in support of both her age and sex discrimination claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion in limine to exclude Plaintiff's expert opinion regarding combined sex plus age discrimination.

**IT IS SO ORDERED.**

        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: July 3, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 3, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**