UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THERESA GORSKI,

        Plaintiff,


v.                                     Case No. 06-11631
                                     Hon. Sean F. Cox


MYRIAD GENETICS,

        Defendant.

_____

## <u>ORDER</u>

This matter is before the Court on Defendant's Motion for mistrial. For the following

reasons, Defendant's Motion for mistrial is **DENIED**.

"The granting of a mistrial is within the sound discretion of the trial court, and the court's

discretionary decision will not be set aside unless resulting prejudice to the defendant is

demonstrated." *Wilson v. Mintzes*, 761 F.2d 275, 289 (6th Cir. 1985)(citation omitted). "If

evidence is erroneously admitted, the subsequent striking of the evidence along with clear

instructions to the jury to disregard it, ordinarily will cure the error." *U.S. v. Carr*, 5 F.3d 986,

993 (6th Cir. 1993). "Only if the erroneously admitted evidence is of an exceptionally prejudicial

character, such that its withdrawal from consideration by the jury cannot be expected to remove

the harm, will it be appropriate to grant a new trial." *Id.*

This action arises from alleged employment discrimination on the basis of Plaintiff's

gender and age. The underlying facts are sufficiently set forth in the Court's Order denying

Defendant's motion for summary judgment. [Doc. 39].

On June 26, 2007, Defendant filed a Motion in limine to exclude evidence of alleged unlawful discrimination in Defendant's other offices. [Doc. 44]. Specifically, the parties disputed in their briefs the admissibility of the testimony of Judy Frank and Theresa Ferlita regarding whether they were discriminated against on the basis of age and/or gender when they were terminated. Defendant challenged the evidence based on relevance and prejudicial effect.

Because the relevance of the testimony depended upon the foundation Plaintiff laid with regard to whether Mark Capone was the decision maker in the proposed witness' terminations, with the parties' consent, the Court withheld judgment pending Capone's testimony. See *Schrand v. Federal Pacific Electric Company*, 851 F.2d 152 (6th Cir. 1988).

Trial commenced on July 9, 2007. At the outset of trial, Plaintiff introduced statistics which included information on Frank and Ferlita to no objection. Both parties have made references to employees from other offices. During Defendant's cross examination of Capone, Defendant referred to several individuals from other offices that were also terminated during the years prior to, and following, the termination of Plaintiff. Defense counsel elicited the ages, gender, and dates of termination of those individuals from Capone. Defendant also introduced into evidence documents identifying terminations from 2003 through 2005, and listing individuals who attended a messaging class Plaintiff attended, including Frank and Ferlita.

As the Court ruled in its Order granting, in part, Defendant's Motion in limine to exclude evidence of alleged discrimination in other offices, the testimony of Frank and Ferlita regarding whether they were discriminated against on the basis of age and/or gender when they were terminated by Defendant is not relevant and is unfairly prejudicial. However, the mention of

other individuals, and their demographics, has been introduced by both parties, without objection, and the Court does not find the introduction to be erroneous, or unduly prejudicial, to either party.

Accordingly, the Court does not find that Defendant has been unfairly prejudiced by the mention of Frank and Ferlita in this trial. Defendant's Motion for mistrial is **DENIED**.

**IT IS SO ORDERED.**


**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: July 13, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**