UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA GORSKI,

    Plaintiff,

v.                                                      Case No. 06-11631
                                                       Hon. Sean F. Cox

MYRIAD GENETICS,

    Defendant.

_____

## **ORDER**

This matter is before the Court on Defendant's Motion for judgment as a matter of law. Both parties briefed the issue. For the following reasons, Defendant's Motion for judgment as a matter of law is **DENIED**.

### I. BACKGROUND

This action arises from alleged employment discrimination on the basis of Plaintiff's gender and age. The underlying facts are sufficiently set forth in the Court's Order denying Defendant's motion for summary judgment. [Doc. 39].

Trial commenced on July 9, 2007. On July 16, 2007, following the close of Plaintiff's proofs, Defendant moved for judgment as a matter of law. Defendant contends that Plaintiff failed to establish both her age and gender discrimination claims as a matter of law.

### II. STANDARD OF REVIEW

In the Sixth Circuit, the state law standard for a motion for judgment as a matter of law

1

controls in a diversity case. *Ridgway v. Ford Dealer Computer Services, Inc*., 114 F.3d 94, 97 (6th Cir. 1997). Under Michigan law, in a motion for directed verdict, i.e., a motion for judgment as a matter of law, the evidence and all legitimate inferences are viewed in the light most favorable to the nonmoving party. *Sniecinski v. Blue Cross and Blue Shield of Michigan*, 469 Mich. 124, 131 (2003). "A motion for directed verdict...should be granted only if the evidence viewed in this light fails to establish a claim as a matter of law." *Id*. "If reasonable jurors could honestly have reached different conclusions, [the court] may not substitute its judgment for that of the jury." *Wiley v. Henry Ford Cottage Hospital*, 257 Mich.App. 488, 491 (Mich.App. 2003).

### III. ANALYSIS

In an age and gender discrimination case, the Michigan Supreme Court stated that to establish a prima facie case of discrimination, the plaintiff must prove: (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was discharged under circumstances that give rise to an inference of unlawful discrimination. *Lytle v. Malady*, 458 Mich. 153, 172-173 (1998).

Based on the introduction of Plaintiff's statistical evidence, her own testimony, and the testimony of Mark Capone, Plaintiff has introduced sufficient evidence, when viewed in a light most favorable to her, to establish a claim of age and/or gender discrimination. The parties do not dispute that: Plaintiff was a member of two protected classes, based on her age and gender; Plaintiff suffered an adverse employment action when she was terminated; and Plaintiff was qualified for her position. Defendant contends Plaintiff failed to introduce evidence sufficient for a reasonable trier of fact to conclude that age or gender discrimination was a motivating factor in Plaintiff's termination.

Plaintiff introduced statistical evidence purporting to show a company wide trend of terminating older female account executives.  Plaintiff also testified that following her termination, she was replaced by a younger male, and that younger men and women with lower performance ratings were not terminated.  Plaintiff also elicited testimony from Mark Capone that he altered the terms of Plaintiff's corrective action plan prior to her completion.  Based on this and other evidence introduced by Plaintiff, a reasonable trier of fact could find that age and/or gender was a motivating factor in Plaintiff's termination.  See *Lytle*, 458 Mich. at 176.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for judgment as a matter of law is **DENIED**.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated:  July 16, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2007, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**