UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA GORSKI,

    Plaintiff,

v.   Case No. 06-11631
    Hon. Sean F. Cox

MYRIAD GENETICS,

    Defendant.

_____

## ORDER

This matter is before the Court on Defendant's Motion requesting determination that front pay is inappropriate or, in the alternative, of limited duration and request to instruct jury of appropriate factors to consider in front pay calculations.. Both parties briefed the issue. For the following reasons, Defendant's Motion is **DENIED** in part, and **GRANTED** in part. The Motion is denied with respect to a finding that front pay is inappropriate and with respect to setting a limited duration for a front pay award. The Motion is granted to the extent Defendant asks the Court to instruct the jury on the factors it must consider in determining its award.

### I. BACKGROUND

This action arises from alleged employment discrimination on the basis of Plaintiff's gender and age. The underlying facts are sufficiently set forth in the Court's Order denying Defendant's motion for summary judgment. [Doc. 39].

Trial commenced on July 9, 2007. On July 26, 2007, Defendant moved for a

1

determination of whether front pay is appropriate, and if so, an instruction limiting the duration and relaying the appropriate factors to consider in front pay calculations to the jury. Defendant argues that reinstatement is the preferred remedy. Further, Defendant claims that if reinstatement is impracticable in this case and front pay is appropriate, the duration of the front pay should be limited. Plaintiff filed a Response on July 27, 2007. Plaintiff contends that reinstatement is impracticable and that it is the duty of the jury to decide the amount and duration of a front pay award.

## II. ANALYSIS

It is well-settled that "reinstatement is the presumptively favored equitable remedy" for employment discrimination actions. *Roush v. KFC National Management Company*, 10 F.3d 392, 398 (6th Cir. 1993). However, reinstatement is not appropriate where "the plaintiff has found other work, where reinstatement would require displacement of a non-culpable employee, or where hostility would result." *Id*. Nonetheless, even where reinstatement is inappropriate, the plaintiff is not automatically entitled to an award of front pay. *Id*.

The purpose of front pay damages is to place the plaintiff in the position she would have occupied in the absence of discrimination. *Shore v. Federal Express Corporation*, 777 F.2d 1155, 1160 (6th Cir. 1985). The initial determination of whether front pay damages are appropriate in a given case is reserved to the court. See *Roush*, 10 F.3d at 398 ("[d]etermination of the propriety of an award of front pay is a matter for the court."). However, "determination of the amount of an award of front pay is a jury question." *Id*. The court must articulate its reasons for allowing an award of front pay before submitting the case to the jury. *Id*. at 398-399. When the issue is submitted to the jury, the jury should be instructed that it must consider several

factors in determining its award of front pay damages, including:

> an employee's duty to mitigate, 'the availability of employment opportunities, the period within which one by reasonable efforts may be re-employed, the employee's work and life expectancy, the discount tables to determine the present value of future damages and other factors that are pertinent on prospective damage awards.

*Id*. at 399.

### A. Is Reinstatement Appropriate?

Reinstatement is not an appropriate remedy in this case. First, Plaintiff has already obtained other employment. Second, there has been testimony that Plaintiff's position has been filled, therefore reinstatement may require displacement of a non-culpable employee. Third, due to the intensive questioning of both Mark Capone and Christopher Ho, who supervised Plaintiff to varying degrees, it is likely that hostility would result from Plaintiff's reinstatement. Also of note, Plaintiff has not sought, and Defendant has not offered, reinstatement.

Accordingly, Defendant's argument that an award of front pay damages are precluded because reinstatement is the appropriate remedy is without merit.

### B. Is an Award of Front Pay Appropriate?

Plaintiff argues that front pay is appropriate in her case because: (1) she mitigated her damages by finding new employment; (2) her opportunity for comparable employment is diminished based on her age at termination; and (3) based on Plaintiff's work and life expectancy, the amount of damages she seeks is reasonable. [Response, p.4]. Plaintiff intends to request $1.5 million in front pay, based on her stated intention to work until age 67. During trial, Plaintiff presented evidence that given the pharmaceutical industry's alleged preference for young attractive individuals, Plaintiff will be unable to find comparable employment.

3

It is undisputed that Plaintiff succeeded in finding new employment. Further, Plaintiff has testified that she planned to continue working until age 67. Plaintiff also introduced expert testimony that based on the trend in the pharmaceutical sales industry, Plaintiff would not be able to find comparable employment at her age. Based on the evidence presented at trial, front pay is an appropriate remedy. If the jury accepts Plaintiff's evidence, it may find that Plaintiff's opportunity for comparable employment is diminished and that she is entitled to an award of damages to place her in the position she would have occupied in the absence of discrimination.

Accordingly, Plaintiff may seek an award of front pay. Nothing prohibits Defendant from arguing to the jury that Plaintiff is not entitled to such an award.

In addition, Defendant asks the Court to determine what the appropriate duration of a front pay award is. It is not the obligation of the court, in a jury trial, to determine the duration of front pay damages. The jury determines the amount of the award. *Roush, supra*, see also *Arban v. West Publishing Corporation*, 345 F.3d 390, 406 (6th Cir. 2003); and *Wells v. New Cherokee Corporation*, 58 F.3d 233, 238 (6th Cir. 1995). The primary cases relied on by Defendant where the court made the determination of the duration of front pay were bench trials, where the court was required to determine a duration.[1] *Suggs v. Servicemaster Education Food Management*, 72 F.3d 1228 (6th Cir. 1996); and *Shore v. Federal Express Corporation*, 777 F.2d 1155 (6th Cir. 1985). Nothing precludes Defendant from seeking remittitur if the jury awards an amount of front pay damages Defendant believes is unreasonable.

Finally, Defendant asks the court to instruct the jury of the factors it must consider when

---

[1] The other cases cited by Defendant where the court limited duration also involved bench trials (or in one case an advisory jury). In addition, the cases are not binding upon this court. [Motion, pp.5-6].

4

determining a front pay award. *Roush*, 10 F.3d at 399. Consistent with the court's holding in *Roush*, this Court will instruct the jury of the relevant factors it must consider in awarding front pay. The parties are to submit proposed jury instructions including such an instruction.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion requesting determination that front pay is inappropriate or, in the alternative, of limited duration and request to instruct jury of appropriate factors to consider in front pay calculations is **DENIED** in part, and **GRANTED** in part. The Motion is denied with respect to a finding that front pay is inappropriate and with respect to setting a limited duration for a front pay award. The Motion is granted to the extent Defendant asks the Court to instruct the jury on the factors it must consider in determining its award.

**IT IS SO ORDERED.**


        **S/Sean F. Cox**
        **Sean F. Cox**
        **United States District Judge**

**Dated: July 30, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**